Johnny LOPEZ, Plaintiff,

v.

GRACE LINE, a corporation, and Marine Terminals Corporation, a corporation, Defendants.

GRACE LINE, INC., a corporation, Third-Party Plaintiff,

v.

MARINE TERMINALS CORPORATION, a corporation, Third-Party Defendant.

No. 67-1797.

United States District Court
C. D. California.

Aug. 7, 1969.

Newton R. Brown, of Spivey & Brown, Wilmington, Cal., for plaintiff.

John F. Kimberling, and Kenneth R. Chiate, of Lillick, McHose, Wheat, Adams & Charles, Los Angeles, Cal., for defendant and third-party plaintiff Grace Line, Inc.

Robert Sikes, of Sikes, Pinney & Matthew, Los Angeles, Cal., for defendant and third-party defendant Marine Terminals Corp.

Groezinger, Wells, Dubiel & Vonk, Los Angeles, Cal., by Ralph G. Fisher, Ventura, Cal., for lien claimant, State Compensation Ins. Fund.

## OPINION

THURMOND CLARKE, Chief Judge.

This is a proceeding in admiralty, brought for recovery of damages for personal injuries.

Plaintiff, a longshoreman hatch watch employed by Oxnard Harbor District, was injured in a fall September 6, 1967, aboard the S.S. SANTA ANITA, a merchant vessel owned by defendant Grace Line, Inc.

Plaintiff brings action against Grace Line and the stevedore, Marine Terminals Corporation, alleging unseaworthiness of the vessel and negligence of both defendants. He seeks to recover medical expenses, lost earnings both past and prospective, and general damages.

The State Compensation Insurance Fund claims a lien of $3,248.58 against any judgment in favor of plaintiff, this amount representing $1,755.30 in compensation indemnity and $1,493.28 in medical benefits heretofore provided.

The shipowner seeks indemnity against the stevedore by way of a third party complaint. The latter counterclaimed against the shipowner for breach of contract, but subsequently waived the counterclaim in open court. The Harbor District, plaintiff's employer, is not a party to the action.

Plaintiff's duty as a hatch watch was to guard cargo against pilferage during loading and unloading operations. On the evening in question, he was assigned to the number four hatch aboard the S. S. SANTA ANITA.

To reach the hatch, workers walked over a "fall" (a cable) 125 feet long and five-eighths of an inch in diameter, which lay piled in a passageway. The cable was covered with grease which apparently had been applied as a preservative.

Two ladders, one forward and one aft, extended down into the hatch. The only handhold at the top was a coaming approximately three feet high. The coaming was black, and lighting in the area was dim.

Plaintiff worked in the hatch from 6 p.m. to 10 p.m., then left for his evening meal. He returned to work at 11 p. m. He started to descend by the forward ladder, grasping the coaming as a handhold. Unknown to the parties, the coaming had become slick with grease. Plaintiff's hands slipped and he fell approximately 15 feet to the steel-plated deck.

The fall caused injury to plaintiff's neck and back, gastro-intestinal distress, and rupture of the ligaments of the right ankle. Plaintiff has twice undergone surgery for the ankle injury. He has made repeated attempts to return to work, but has been hampered each time by weakness, instability, and pain in the ankle. He is not able to stand for long periods, nor to perform work which requires walking on uneven surfaces.

Plaintiff alleges the vessel was rendered unseaworthy by presence of grease on the coaming.

There is no definitive proof as to the source of the grease; there is only an inference that the longshoremen may have carried it on their shoes from the cable lying nearby. Neither is there any proof as to whether the cable was left by the ship's crew or by employees of the stevedore. This absence of proof does not negate the shipowner's liability for unseaworthiness. *Cf.* Yanow v. Weyerhaeuser Steamship Company, 250 F.2d 74 (9th Cir.1957), *cert. denied* 356 U.S. 937, 78 S.Ct. 779, 2 L.Ed.2d 812.

The duty of the shipowner to provide a seaworthy vessel is an absolute one. Failure to supply a vessel reasonably safe in hull, gear, appliances, appurtenances and manpower, and to keep it in order, results in liability without fault. Even the exercise of due diligence or of reasonable care does not relieve the shipowner of this obligation. NORRIS, THE LAW OF MARITIME PERSONAL INJURIES AFFECTING HARBOR WORKERS, PASSENGERS AND VISITORS, § 32, pp. 63–65 (2d ed. 1966). The court finds the defendant shipowner breached this duty and is liable therefor.

The Safety and Health Regulations for Longshoring [29 C.F.R. § 1504 (1966)] promulgated by the Secretary of Labor require that deck walking and working areas be kept reasonably clear and that slippery conditions be eliminated as they occur (§ 1504.91); that walking and working areas be adequately illuminated (§ 1504.92), and that safe ladders be provided, with handholds or with coaming or other structural features serving the purpose of handholds (§ 1504.25). In addition, the stevedore company's own policy and regulations require inspection of working areas.

The stevedore argues that the Safety and Health Regulations are intended for benefit of longshoremen employed by the

stevedore, and that plaintiff as an employee of the Harbor District is not within the group of persons protected.

For purposes of this case, the court will assume, without deciding, that a hatch watch employed by another entity is among the persons so protected.

Violation of the Health and Safety Regulations may be evidence of negligence. However, plaintiff has failed to establish the crucial element of causation. He has failed to show that his injuries are the proximate result of negligence of either or both defendants.

He has not shown that better lighting in the hatch area would have made the grease visible against the black surface of the coaming. He has not demonstrated that failure to keep the deck walking area reasonably clear was a cause of his injury; he has only shown that the cable in the walkway was a possible source of the grease which caused the accident. He has not shown that the ladder and the handhold in themselves were unsafe. There is no showing that either defendant was or should have been aware of the hazard, nor that either breached its duty of reasonable care. Consequently neither the shipowner nor the stevedore is liable to the plaintiff for negligence.

The shipowner, in its third party action, urges that the stevedore breached its warranty of workmanlike service by permitting longshoring operations to go forward when an unsafe condition existed.

The stevedore's obligation is only to discover or remedy hazards obvious upon a general visual inspection. Victory Carriers, Inc. v. Stockton Stevedoring Co., 388 F.2d 955 (9th Cir. 1968). See also Safety and Health Regulations for Longshoring § 1504.25(b): "When any fixed ladder is *visibly unsafe*, the employer shall prohibit its use by em-

ployees." (Emphasis added). The court finds no breach of the warranty of workmanlike service nor of the stevedoring contract.

Plaintiff seeks to recover the cost of medical care, compensation for lost earnings, and general damages.

The evidence establishes that plaintiff has incurred medical expenses in the amount of $2,287.22. The court finds he is entitled to recover this sum from defendant shipowner.

Plaintiff was employed as a Class B longshoreman prior to June, 1967; thereafter he worked as a Class A longshoreman. A dispatcher testified a Class A longshoreman in the area earns $10,000 to $12,000 a year.

Plaintiff sets his loss of past wages at $9,475, which figure is accepted by the shipowner.

Plaintiff contends that because of his disability his earnings will be reduced by approximately $3,500 per year for the remainder of his working life, an estimated 31 years. Defendant shipowner argues that plaintiff's future earning capacity has not been impaired.

There is evidence that with further surgery the ankle may be substantially restored to usefulness and plaintiff may resume his regular work. In view of all these factors, the court finds plaintiff is entitled to recover $11,000 for loss of past and future earnings.

The court further finds plaintiff is entitled to recover general damages in the amount of five thousand dollars.

The court finds there was no contributory negligence which would bar or limit plaintiff's recovery.

Counsel for plaintiff is directed to prepare findings of fact and conclusions of law and judgment in accordance herewith.